UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT CABEZA,

                Plaintiff,

-against-

KENNETH P. THOMPSON, District Attorney of
Kings County; MARK FELDMAN, Chief
Assistant to the District Attorney of Kings
County; CHARLES J. HYNES, former District
Attorney of Kings County; MICHAEL F.
VECCHIONE, former Assistant District Attorney
of Kings County; SEAN COURTNEY, Assistant
Attorney General of the State of New York;
VICTOR A. BARALL, Assistant District
Attorney of Kings County; LEONARD
JOBLOVE, Assistant District Attorney of Kings
County; SHULAMIT ROSENBLUM NEMEC,
former Assistant District Attorney of Kings
County; and JOHN O'MARA, Assistant District
Attorney of Kings County,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**16-CV-1079 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Robert Cabeza, who is currently incarcerated at the Sullivan Correctional Facility, filed this pro se action on February 29, 2016, requesting injunctive and declaratory relief and monetary damages, pursuant to 42 U.S.C. §§ 1981, 1983, and 1985. (Compl. (Dkt. 1).) Plaintiff has also moved for leave to proceed in forma pauperis. (Mot. for Leave (Dkt. 2).) The court GRANTS Plaintiff's motion to proceed in forma pauperis. For the following reasons, however, the court DISMISSES the Complaint pursuant to 28 U.S.C. § 1915A(b)(1).

1

## I. BACKGROUND

On April 14, 1993, Plaintiff, a former New York City police officer, was convicted following a jury verdict of murder in the second degree, attempted murder in the second degree, two counts of assault in the first degree, and two counts of robbery in the first degree. People v. Cabeza, 634 N.Y.S. 2d 384 (App. Div. 1995). He is currently sentenced to a term of imprisonment of thirty-three and one-third years to life. (Compl. ¶ 2.)

On March 27, 2012, Plaintiff filed a motion for a writ of error coram nobis. (Id. ¶ 25.) In brief, Plaintiff argued that appellate counsel was ineffective for failing to attack trial counsel's competence. (Id. ¶¶ 25-48.) Specifically, Plaintiff asserted that his trial counsel's performance was deficient because trial counsel failed to seek dismissal of the indictment on the ground that the evidence rested on impermissible hearsay. (Id.) On October 3, 2012, the state appellate court denied Plaintiff's motion. People v. Cabeza, 951 N.Y.S. 2d 406, 407 (App. Div. 2012).

On May 31, 2013, Plaintiff filed a New York Criminal Procedure Law § 440 motion ("§ 440 motion") and re-argued the same claims that he presented in his motion for a writ of error coram nobis. (Compl. ¶¶ 49-66.) In addition, Plaintiff sought disclosure of the grand jury minutes. (Id.) By order dated February 28, 2013, Plaintiff's motion was denied in its entirety. (See Decision (Compl., Ex. K).)

On January 28, 2014, Plaintiff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this court denied as time-barred on July 22, 2014. (See Order, Cabeza v. Griffin, No. 14-CV-00733 (NGG) (LB) (Dkt. 6).) The United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal by mandate dated December 9, 2014. (See Mandate (Dkt. 9 in No. 14-CV-00733).)

In the present action, Plaintiff alleges that the prosecution committed misconduct by presenting legally insufficient evidence to the grand jury. Plaintiff seeks: (1) to have this court vacate the denial of his § 440 motion; (2) a declaration that Defendants violated Plaintiff's rights to equal protection and due process; (3) to have Defendants produce the grand jury minutes from Plaintiff's underlying state criminal action; and (4) attorneys' fees and costs. (Id. ¶ 97.)

## II. LEGAL STANDARD

A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory).

At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Finally, pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. See Sealed Plaintiff v. Sealed Defendant #1, 537

3

F.3d 185, 191-93 (2d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980).

## III. DISCUSSION

### A. Constitutional Claims

Plaintiff claims that his constitutional rights have been violated by Defendants' refusal to turn over accurate grand jury minutes of Plaintiff's state criminal action, leading to his allegedly unconstitutional conviction. (Compl. at 19-28.) In order to bring a claim for unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Foster v. Diop, No. 11-CV-4731 (KAM) (JMA), 2013 WL 1339408, at *7 (E.D.N.Y. Mar. 31, 2013). The district court in such cases "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487.

Here, Plaintiff alleges that Defendants denied him access to exculpatory material. (Compl. at 19-28.) To the extent that this would imply the invalidity of Plaintiff's conviction, Plaintiff's failure to demonstrate that his conviction has already been invalidated precludes this claim under § 1983. Heck, 512 U.S. at 487; McCollough v. Hale, No. 15-CV-691 (CBA) (CLP), 2015 WL 7281643, at *3 (E.D.N.Y. Nov. 17, 2015).

Furthermore, even if judgment in Plaintiff's favor would not necessarily imply the invalidity of his conviction or sentence, he can still only recover if he can show that the alleged

4

failure to turn over exculpatory evidence caused him actual, compensable injury other than his conviction and imprisonment. Heck, 512 U.S. at 487 n.7. He has made no such allegations, and none can be inferred from his exhibits or Complaint.

Finally, to the extent that Plaintiff seeks injunctive relief and to have this court vacate the state court's denial of his § 440 motion, his sole method of challenging his criminal conviction is by the filing of a motion for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); see also Poventud v. City of New York, 750 F.3d 121, 128 (2d Cir. 2014) (outlining Preiser doctrine). As Plaintiff's motion for a writ of habeas corpus has already been denied by this court, and his appeal was dismissed by the Second Circuit (see Mandate), he may not seek once again to challenge his underlying state conviction.

### B.   Grand Jury Minutes

When an application is made to unseal the transcript of the minutes generated during a state grand jury proceeding, the movant must demonstrate a compelling and particularized need for the material before a court can grant the application. See Anilao v. Spota, 918 F. Supp. 2d 157, 173 (E.D.N.Y. 2013); Palmer v. Estate of Stuart, No. 02-CV-4076 (LTS) (GWG), 2004 WL 2429806, at *2-3 (S.D.N.Y. Nov. 1, 2004); Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 222-23 (1979).

"In a circumstance where a request is made to unseal a transcript of the minutes generated during a grand jury proceeding(s), solely to rebut the presumption of probable cause that attaches when a person is indicted on criminal charges, the particularized need standard has not been met." Brown v. City of New York, No. 06-CV-2059 (LTS) (KNF), 2007 WL 415080, at *2 (S.D.N.Y. Jan. 30, 2007) (citing Barnett v. Dillon, 890 F. Supp. 83, 87-88 (N.D.N.Y. 1995)). "Furthermore, where a request for information concerning the proceeding(s)

before a grand jury is not narrowly tailored but is simply a wholesale request for disclosure, made in a civil action, the request, typically, should be denied." Brown, 2007 WL 415080, at *1-2; see also In Matter of Grand Jury Minutes in United States v. Tam, No. 96-CV-2810 (ILG), 1997 WL 21369, at *3 (E.D.N.Y. Jan. 9, 1997).

Here, it appears that Plaintiff seeks the transcript of the grand jury proceedings in an attempt to rebut the presumption of probable cause that attached when he was indicted, and primarily to challenge his underlying state criminal proceedings. Such reasoning fails to meet the particularized need standard. See Barone v. United States, No. 12-CV-4103 (LAK) (MHD), 2015 WL 6736203, at *4 (S.D.N.Y. Oct. 29, 2015) (holding that a plaintiff's Bivens claim of malicious prosecution cannot be used to justify the unsealing of grand jury materials); Tam, 1997 WL 21369, at *4 (holding that to justify access to grand jury materials, the movant must proffer facts "giving rise to a strong inference of misconduct"). Therefore, the court must deny Plaintiff's request.

## IV. CONCLUSION

For the foregoing reasons, the Complaint is DISMISSED for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 18, 2016

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

6